PETER KMETO
Attorney at Law
State Bar No. 78827
1007 Seventh Street, Suite 318
Sacramento, CA 95814
(916) 444-7420; FAX: (916) 441-6714

Attorney for: MICHAEL SCHWARTZ

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | No.CRS-99-151 LKK |
|---|---|---|
| Plaintiff, | ) | |
| | ) | STIPULATION AND ORDER |
| vs. | ) | AMENDING RESTITUTION |
| | ) | ORDER |
| MICHAEL SCHWARTZ, | ) | |
| Defendant. | ) | |

    Defendant, MICHAEL SCHWARTZ, through his attorney, PETER KMETO, and the United States of America, through its counsel of record, R. STEVEN LAPHAM, stipulate and agree to the following:

    In 1999 Schwartz and his co-defendants entered a guilty plea to conspiracy to steal government property in violation of 18 USC §371. The three broke into the Skaggs Island Navy Base (decommissioned in the late '80's) and removed copper wire and other recyclable materials from two decommissioned Navy buildings. They then burnt the insulation off the wire and sold the copper scrap to local recyclers. In the course of breaking into the buildings and stripping the copper wiring, they caused significant damage to the buildings and their infrastructure. Prior to sentencing, a Navy engineer estimated that to rebuild these buildings would cost, conservatively, $1,332,926.

    On or about  December 17, 1999, Schwartz entered a guilty plea to one

count of conspiracy to steal government property, 18 USC §371.  As part of his sentence the court ordered restitution, jointly and severally with his co-defendants, of $1,332,926.00.

Mr. Schwartz has been released from supervision, having fulfilled all his obligations with the exception of paying the $1,332,926.00 in restitution. He has paid several hundred dollars in restitution, has a job earning him approximately $1,800.00 per month and has a wife and child whom he supports with this salary. As a result of his being released from supervision, his restitution obligation has been transferred to the Civil Unit of the United States Attorneys Office, where the obligation has become a civil judgment against him (and a lien in favor of the government) that will last for the next 20 years.

The parties stipulate and agree that this court continues to have jurisdiction over the requirement of the payment of restitution.  The parties further stipulate and agree that because the government did not incur the cost of rebuilding the buildings and has no intention to do so in the future, the reason for the restitution order no longer exists.

Therefore, the parties stipulate and agree that the court may amend its order for restitution and require no further payment from Mr. Schwartz.

IT IS SO STIPULATED.

Dated:  Oct 3, 2006             McGREGOR W. SCOTT
                                United States Attorney


                                 /s/ R. Steven Lapham
                                By: R. STEVEN LAPHAM
                                Assistant U.S. Attorney


Dated:  October 3, 2006         /s/  Peter Kmeto
                                Attorney for Defendant

- 2 -

## ORDER

UPON GOOD CAUSE SHOWN and the stipulation of all parties, it is ordered that the court order of restitution in the amount of $1,332,926.00 be amended to that amount already paid by Schwartz and his co-defendants and that no further amounts be either due or payable.

DATED: October 5, 2006

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

- 3 -